# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 1341 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Georgia Redd vs. Arrow Financial Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, we grant [6-1] the plaintiff's motion for class certification. This matter is set for status on 4/15/2004 at 9:00 a.m., at which we can discuss the proposed definition and/or the parties may submit a modified class definition.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 31 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 47 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 2004 MAR 31 PM 3:32 | date mailed notice |
| /tsa/ | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGIA REDD, )
)
    Plaintiff, )
)
v. ) No. 03 C 1341
)
ARROW FINANCIAL SERVICES, ) Wayne R. Andersen
LLC., ) District Judge
)
    Defendant. )

## MEMORANDUM, OPINION AND ORDER

Plaintiff Georgia Redd brings a class action lawsuit against defendant Arrow Financial Services, LLC ("Arrow") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10), relating to its alleged illegal practices in connection with the collection of certain debts that are more than seven years old. This matter is before the Court on Ms. Redd's motion for class certification. For the reasons stated below, the motion for class certification is granted.

### Factual Background

For the purposes of a motion to certify a class, the allegations in the complaint are presumed to be true. *Johns v. DeLeonardis*, 145 F.R.D. 480, 482 (N.D. Ill. 1992). According to Ms. Redd's amended complaint, she is a consumer who defaulted on a retail installment contract for the purchase of a car in 1990. Sometime after the purchase of the car, Ms. Redd failed to make the scheduled payments, the car was repossessed and the debt was charged off. Defendant Arrow is a limited liability company that acts as a collection agency and purchases consumer debts at a portion of the face value for the opportunity to enforce the debts against the consumers.

On approximately October 18, 2002, Arrow sent Ms. Redd a letter informing her that her debt had been sent to a debt collection agency. The outstanding balance on the account was $9,887.41. The letter offered to settle the past due account for 45 percent of the full balance if the repayment was made in one payment by November 20, 2002. Relevant to the claim at issue here, the letter stated: "Upon receipt of the settlement amount and clearance of funds, the appropriate credit bureaus will be notified that this account has been settled." Ms. Redd alleges, and defendant Arrow admitted in response to requests for admission, that the letter she received was a standard form letter and that there are "more than 500 (a) natural persons (except those with addresses in Maine), (b) who were sent a letter in the form represented by exhibit A to the Amended Complaint by Arrow Financial Services, LLC, (c) with respect to a debt charged off 7 years or more prior to the date of the letter, (d) which was sent on or after a date one year prior to the filing of this action." (Def.'s Resp. to Pl.'s Req. for Admis., ¶ 16).

Based on the statement cited above, Ms. Redd claims that Arrow has violated the FDCPA, 15 U.S.C. § 1692e, which prohibits debt collectors from making false or misleading representations to consumers, because pursuant to the Fair Credit Reporting Act ("FCRA"), "no consumer reporting agency may make any consumer report containing ... accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. 1681c(a)(4). Given that the age of the debt was greater than seven years old, Ms. Redd claims that Arrow's reference to a consumer's credit report in the letter it sent is misleading because it tells an unsophisticated consumer that, absent a payment, Arrow could have the debt appear on the consumer's credit report as an unpaid delinquent debt. Ms. Redd proposes a class consisting of "(a) all natural persons (except those with Maine addresses), (b) who were sent a

letter in the form represented by Exhibit A by Arrow Financial Services, LLC, (c) with respect to a debt charged off 7 years or more prior to the date of the letter, (d) which letter was sent on or after February 21, 2002 (one year prior to the filing of this action)." (Pl.'s Mot. for Cl. Cert., at 1). We have a companion case *Stewart Maxwell v. Arrow Financial Services, LLC*, Case No. 03 C 1995, in which a Maine plaintiff is pursuing similar claims under the Maine Fair Debt Collection Practices Act.

### Discussion

Motions for class certification must meet the requirements set under Rule 23 of the Federal Rules of Civil Procedure. Rule 23 establishes two main requirements for class certification. First, the action must satisfy all four elements of Rule 23(a): numerosity, commonality, typicality and adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997); *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). Second, the proposed class must satisfy at least one of the three provisions under Rule 23(b). Ms. Redd seeks certification under Rule 23(b)(3), which requires a plaintiff to demonstrate that common questions of law or fact predominate over any questions affecting only individual class members and that a class action is a superior method of adjudicating the controversy.

As previously stated, for purposes of a motion to certify a class, the allegations in the complaint are presumed true. *Johns*, 145 F.R.D. at 482. The court does not reach the merits of the complaint or weigh evidence. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974); *Koch v. Stanard*, 962 F.2d 605, 607 (7th Cir. 1992). The burden is on the party seeking class certification to demonstrate that the requirements of Rule 23 are satisfied. *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982); *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.

1984). Failure on the part of the movant to satisfy any one of the requirements of Rule 23(a) or (b) precludes class certification. *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980). The court has broad discretion in ruling on a motion for class certification. *Retired Chicago Police Ass'n v. Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). We now consider each element of the Rule 23 requirements in turn.

### A. Requirements of Federal Rules of Civil Procedure 23(a)

#### 1. <u>Numerosity</u>

Rule 23(a)(1) requires that the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Because there is no mystical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 10 to 40 members. *See, e.g., Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D. Ill. 1996) (38 class members). Although the plaintiff need not allege the exact number or identity of the class members, the plaintiff ordinarily "must show some evidence or reasonable estimate of the number of class members." *Long v. Thorton Township High Sch. Dist.*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). In determining whether the claimed class contains a sufficient number of members, the court is permitted to "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, 1997 WL 139472, at *2 (N.D. Ill. March 25, 1997) (quoting *Evans v. U.S. Pipe & Foundry*, 696 F.2d 295, 930 (11th Cir. 1983)).

This Court previously has found that it is reasonable to assume the number of potential class members satisfies the numerosity requirement when the defendant allegedly used "preprinted, standardized debt collection letters in attempting to collect on the [allegedly

4

delinquent] debt." *Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri, et al.*, 2001 WL 1543516, at *3 (N.D. Ill., Nov. 30, 2001), citing *Peters v. AT & T*, 179 F.R.D. 564, 567-68 (N.D. Ill. 1998) ("Based on these facts it is reasonable to infer that many individuals received the form collection letter and that joinder of all the individuals would be impracticable."). Whether the numerosity requirement is met in this case is complicated, however, by certain exceptions to the seven year reporting limitation under specific sections of the FCRA, 15 U.S.C. § 1681c(b)(1)-(3). Pursuant to the FCRA, "no consumer reporting agency may make any consumer report containing ... accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. 1681c(a)(4). However, creditors may report the satisfaction of a debt when it is more than seven years old if: (1) the debtor applied for credit in an amount exceeding $150,000; (2) the debtor applied for life insurance in an amount exceeding $150,000; or (3) the debtor applied for employment for a job with a salary exceeding $75,000. 15 U.S.C. § 1681c(b)(1)-(3).

Arrow argues that class certification is not merited in part because Ms. Redd has prematurely moved to certify a class without knowing how many potential members would be subject to these exceptions to the seven year reporting limitation. However, in response to a request for admission, Arrow admitted that it sent the standard letter to more than 500 individuals outside of the state of Maine regarding a debt that was more than seven years old. This admission creates a strong basis to find that the numerosity requirement has been met by Ms. Redd. In addition, when identifying the potential class, the class definition can take into account any potential exceptions to the seven year reporting limitation. Thus, this Court finds that the numerosity requirement is satisfied in this case.

### 2. Commonality

Under Rule 23(a)(2), "questions of law or fact common to the class" must be present before a class may be certified. The existence of a common nucleus of operative facts is usually enough to establish commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Courts consistently have found a common nucleus of operative facts if a defendant has allegedly engaged in standardized conduct directed toward the putative class members or if the class claims arise out of standardized documents. *Rosario*, 963 F.2d at 1018; *Johnson v. Aronson Furniture Co.*, 1998 WL 641342, at *3 (N.D. Ill. Sept. 11, 1998); *Peterson v. H & R Block Tax Serv. Inc.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997).

A plaintiff normally is only required to show that there is "at least one question of law or fact common to the class." *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996). When a "question of law refers to a standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met." *Moore v. Simpson*, 1997 WL 570769, at *3 (N.D. Ill. Sept. 10, 1997) (internal quotations omitted); *see also Rosario*, 963 F.2d at 1018 ("A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."). Further, some factual variations among class members' claims alone is normally not enough to defeat a motion for class certification. *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980); *Hamid*, 2001 WL 1543516, at *4, citing *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

We conclude that Ms. Redd satisfies the requirements of Rule 23(a)(2). Specifically, we find that this case presents the following two questions, among others, that all arise from Arrow's

standardized conduct in sending the form letter to all of the individuals against whom it attempted to collect: (1) whether Arrow regularly sends the letter at issue in this case to individuals with debts more than seven years old who do not meet any of the exceptions allowing their credit to be reported under 15 U.S.C. § 1681c(b)(1)-(3); and (2) if so, whether has Arrow violated the FDCPA by misrepresenting to debtors that it would report settlement and repayment of debts more than seven years old. The first question is a common question of fact and the second is a common question of law shared by the potential class of plaintiffs and defendant Arrow. These common questions both derive from Arrow's standardized conduct in attempting to collect on purported past due debts. Accordingly, we conclude that because the claims arise from Arrow's standardized collection notices, the claims are appropriate for treatment as a class action. *Keele v. Wexler*, 1996 WL 124452, at *4 (N.D. Ill. March 19, 1996), citing *Haroco, Inc. v. Am. Nat'l Bank & Trust*, 121 F.R.D. 664, 669 (N.D. Ill. 1988).

3. Typicality

Under Rule 23(a)(3), the claims or defenses of the party representative must be typical of those of the class as a whole. The claim of a named plaintiff is typical of the class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Johnson*, 1998 WL 641342, at * 3, quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal quotation omitted). The typicality requirement is closely related to the commonality requirement under Rule 23(a). *Rosario*, 963 F.2d at 1918. Arrow argues that Ms. Redd is not a typical member of the class of recipients of this debt collection letter because the letter was not only sent to individuals whose debts were seven years or older. Therefore, unlike Ms. Redd,

7

some recipients legally would have a debt repayment reported to their credit agencies as promised in the letter. This Court finds that this is not a problem, however, because the class can be defined to include only those individuals who received the letter and who had a debt that was more than seven years old which was not reportable under the FCRA. We find that Ms. Redd's claims and defenses are typical of those of the class as a whole, and the class may be limited to individuals who received the letter from Arrow and who had debts that were at least seven years old.

### 4. Adequacy

Under Rule 23(a), the adequacy of representation requirement mandates that both the class representative and counsel for the named plaintiff must be able to zealously represent and advocate on behalf of the class as a whole. *Retired Chicago Police Ass'n*, 7 F.3d at 598. The class representative, in this case Ms. Redd, must not have "antagonistic or conflicting claims with other members of the class," and she must have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Sebo v. Rubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999) (citation omitted). We have found no evidence in any of the filings in this case indicating that Ms. Redd's claims conflict with or are antagonistic to the claims of the proposed class members. This Court finds that Ms. Redd has demonstrated that she has a sufficient stake in the outcome of the litigation to ensure that she will be a zealous advocate as the named representative on behalf of the class.

In addition to the adequacy of representation of the class representative, the class counsel must also meet requirements for adequacy of representation. Counsel for the named plaintiff must be experienced and qualified and generally be able to conduct the litigation. *Id.* at 598;

*Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citations omitted). Counsel for the named plaintiff in this case are experienced in handling class action lawsuits and have competently handled many cases before this Court in the past. This Court finds that the adequacy of representation requirement under Rule 23(a) has been met.

**B.   Requirements of Federal Rules of Civil Procedure 23(b)(3)**

We now turn to the requirements for class certification under Rule 23(b). Certification under Rule 23(b)(3) is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *Kremnitzer v. Cabera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001).

1.   <u>Predominance of class issues over individual issues</u>

Arrow argues that Ms. Redd fails to meet the predominance requirement under Rule 23(b)(3) because individual issues predominate over class issues. Arrow claims that Ms. Redd's allegations are wholly conclusory and that discovery may reveal additional defenses to her claims in which individual issues may predominate. However, under the predominance requirement of Rule 23(b), common questions of law or fact must predominate, but they need not be exclusive. *Scholes v. Moore*, 150 F.R.D. 133, 138 (N.D. Ill. 1993).

In determining whether common questions predominate, the court looks to whether there is a "common nucleus of operative facts." *Ziemack v. Centel Corp.*, 163 F.R.D. 530, 535 (N.D. Ill. 1995). Arrow's alleged misleading statement in a debt collection letter sent to members of the class is at the core of Ms. Redd's complaint. The issues of law and fact that flow from

Arrow's alleged misleading statement predominates over any individual issue or potential exception and forms the core of this complaint. Because the common issues of fact and law previously identified are likely to dominate this Court's attention, common questions of law and fact predominate. *Tatz v. Nanophase Tech. Corp.*, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 2003).

Arrow also argues that class certification is premature because additional discovery is needed to determine whether class or individual issues predominate. We find that Arrow's arguments are not sufficient to merit a finding that Ms. Redd has failed to establish that class issues predominate over individual issues. The only issue currently before the Court is whether Ms. Redd has pled in her motion the required elements of Rule 23, and we decline to speculate about additional facts that may be developed during discovery. *Hamid*, 2001 WL 1543516, at *7. Therefore, we conclude based on the pleadings that the class issues predominate over any perceived individual issues.

    2. Superiority of class action to other available methods for fair and efficient adjudication of the controversy

Under Rule 23(b)(3), a class action must also be superior to other available methods for the fair and efficient adjudication of the controversy. *Szabo*, 249 F.3d at 676. We find that a class action in this case is superior to other means of adjudication for three reasons. First, as discussed previously, this conflict contains a set of legal and factual issues that are shared by the members of the class, and class certification is more efficient than multiple individual suits at dealing with these common questions. *Tatz*, 2003 WL 21372471, at *9. The FDCPA was established to protect consumers from overly aggressive debt collection practices that are false or

misleading, and courts often have relied on the class action mechanism to facilitate enforcement of the FDCPA.

Second, a class action is superior to individual action in this case because litigation costs are high, the likely recovery is limited. Thus, recipients of the letter are unlikely to prosecute individual claims without the availability of cost-sharing efficiencies through a class action. *Tatz*, 2003 WL 21372471, at *10, citing *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974). A class action is superior under Rule 23(b) when class members would be overwhelmed by the defendant's resources if they attempted to bring individual claims. *Tatz*, 2003 WL 21372471, at *10, citing *Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 310 (N.D. Ill. 1995); *Alexander v. Centrafarm Group, N.V.*, 124 F.R.D. 178, 185 (N.D. Ill. 1988). Here, the defendant is a large collection agency and purchaser of bad debts that is likely to have extensive resources that could far outpace those of the potential class of plaintiffs.

Third, a class action is the superior method to resolve this case because it is a more efficient use of judicial resources than trying individual cases. *Tatz*, 2003 WL 21372471, at *10, citing *Scholes*, 143 F.R.D. at 189 ("Under these circumstances, class certification is the best way to manage this situation which could otherwise disintegrate into piecemeal adjudication of many individual actions involving essentially identical questions of law and fact."). Denial of the motion for class certification would potentially result in courts becoming consumed with many individual cases that seek to litigate an essential core of the same legal and factual issues.

Finally, Arrow has failed to demonstrate why other methods for fair and efficient adjudication of the controversy would be superior to a class action. Thus, we conclude that a class action is superior to other available methods for the fair and efficient adjudication of this

11

controversy. Therefore, this Court finds that the Rule 23 requirements for class certification have been met in this case in their entirety, and we grant Ms. Redd's motion for class certification. We propose the following class definition:

> All natural persons except those with Maine addresses who received a letter in the form represented by Exhibit A from Arrow Financial Services, LLC with respect to a debt charged off 7 years or more prior to the date of the letter, which letter was sent on or after February 21, 2002, except those cases in which satisfaction of the debt identified in the letter was reported in connection with either (1) a credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more, (2) the underwriting of life insurance involving, or which may reasonably be expected to involve, a face amount of $150,000 or more or (3) the employment of any individual at an annual salary which equals, or which may reasonably be expected to equal $75,000 or more.

## Conclusion

For all of the foregoing reasons, we grant the plaintiff's motion for class certification. This matter is set for status on April 15, 2004 at 9:00 a.m. at which we can discuss the proposed definition and/or the parties may submit a modified class definition.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 31, 2004

12